United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41567
Summary Calendar

DIANE ALPHA, Mother and Next Friend of minor children;
COLLEEN ANDERSON, Surviving minor child; CLAYTON LYNN
ANDERSON, Surviving minor child; JERRY LYNN ANDERSON,
Estate Of; TOMMY D. ANDERSON; REBECCA MULL,

Plaintiffs-Appellees,

v.

MATT HOOPER, Etc.; ET AL.,

Defendants;

MATT HOOPER, Deputy Sheriff in Hopkins County,

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:03-CV-2

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Deputy Matt Hooper appeals the district court's denial of

his motion for summary judgment based on qualified immunity in this

42 U.S.C. § 1983 suit. He argues that: the disputed issues

identified by the district court are not material to the qualified

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immunity determination; the evidence establishes without dispute that Jerry Lynn Anderson posed an immediate and serious threat to him; and his actions were reasonable in light of the threat posed by Anderson. Hooper further argues that the district court erred when it denied his motion for summary judgment with respect to the state-law claim advanced by the plaintiffs because that claim is barred, as a matter of law, by TEX. CIV. PRAC. & REM. § 101.106.

Although Hooper asserts that his appeal is a challenge to the materiality of the disputed factual issues identified by the district court, his arguments concern the genuineness of those factual disputes. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Consequently, this court lacks jurisdiction to consider Hooper's appeal from the denial of summary judgment with respect to whether he is entitled to qualified immunity. See Reyes v. City of Richmond, Tex., 287 F.3d 346, 350 (5th Cir. 2002).[1]

Because the determination whether TEX. CIV. PRAC. & REM. § 101.106 bars the state-law claim advanced by the plaintiffs is neither "inextricably intertwined" nor necessary to resolve the question of qualified immunity, this court lacks jurisdiction

---

[1] Hooper correctly argues, however, that whether he and Officer Muñoz identified themselves as law enforcement officers raises no material issue in the immunity calculus, see Fraire v. City of Arlington, 957 F.2d 1268 (5th Cir. 1992), although if the jury believes they did so identify themselves, it would enhance Hooper's argument that Anderson intended to run him down.

to consider Hooper's appeal of the denial of summary judgment as to this issue.  See Cantu v. Rocha, 77 F.3d 795, 805 (5th Cir. 1996).

**APPEAL DISMISSED FOR LACK OF JURISDICTION; REMANDED TO THE DISTRICT COURT.**